United States Courts
Southern District of Texas
FILED

APR 27 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMMITT JOHNSON, | ) CIVIL ACTION NO. 4:22-cv-01219 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONOMA ENERGY CAPITAL LLC, | ) |
| | ) COMPLAINT |
| | ) JURY TRIAL DEMANDED |
| Defendant, | ) |

## FIRST AMENDED COMPLAINT

Plaintiff, Emmitt Johnson, on behalf of himself (hereinafter "Plaintiff"), hereby sues Sonoma Energy Capital LLC (hereinafter "Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action for damages arising from Defendant's violations of 47 *U.S.C.* § 227, *et seq., Telephone Consumer Protection Act (hereinafter "TCPA"),*

2. Emmitt Johnson ("Plaintiff") brings this action for damages and any other available legal or equitable remedies resulting from illegal actions of Sonoma Energy Capital LLC ("Defendant"). Defendant negligently, knowingly, and/or willfully placed automated telephone calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C § 227 et seq., ("TCPA"). Additionally, 47 C.F.R. 64.1200(b)(1) requires that recorded messages state the identity of the business responsible for the call at the beginning, and 47 C.F.R. 64.1200(c)(2) prohibits calling any number on the National Do Not Call Registry.

3. The TCPA was designed to protect the privacy of citizens by preventing the types of calls described in this complaint. Mims v. Arrow Fin Servs., LLC, 132 S. Ct. 740 (2012) ("Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA").

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors

1

and telemarketers may call them an made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. "TCPA", Pub.L. No 102-243 § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* At § 12.

5. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." *Id.* at §§ 12-13.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S. Ct at 745 (2012).

7. Venue is proper in the United States District Court for the Southern District of Texas Pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in Harris County, State of Texas as it conducts business in the county and Plaintiff is a resident of Fort Bend County, State of Texas.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Fresno, Texas in the County of Fort Bend.

9. Defendant Sonoma Energy Capital LLC can be served through its registered agent Robert Nelson at 5000 Eldorado Parkway, Suite 150, Frisco, Tx. 75033.

## FACTUAL ALLEGATIONS

10. Defendant has engaged in solicitation by contacting Plaintiff's cell phone ending in (4156) without his prior expressed written consent.

11. Defendant has attempted to solicit money from Plaintiff to invest in oil Production without his prior expressed written consent.

2

12. Defendant violated the National Do Not Call Registry on which Plaintiff has been listed since August 5, 2003. Defendant and/or their agents knew or should have known that plaintiff's number was listed on the National Do Not Call Registry.

13. Defendant placed at least 16 calls to Plaintiff's cell phone from 87-494-2772, 817-494-4000, 972-354-0004, 972-347-6243, 972-347-6245, 713-520-0022, Which belong to Sonoma Energy Capital LLC. The dates and times of the phone calls are as follows:

- September 30, 2014, at 4:038pm
- October 28, 2014, at 10:55am
- November 3, 2014, at 1:25pm
- January 27, 2015, at 4:29pm
- October 30, 2015, at 3:12pm
- November 3, 2015, at 3:05pm
- November 3, 2015, at 3:06pm
- November 5, 2015, at 1:40pm
- November 19, 2015, at 3:24pm
- February 12, 2016, at 11:35am
- February 16, 2016 at 11:17am
- February 19, 2016, at 1:44pm
- February 22, 2016, at 2:25pm
- February 23, 2016, at 12:04pm
- February 23, 2016, at 2:15pm
- March 3, 2016, at 2:27pm

14. Each of these telephone communications was a "telephone solicitation" as defined by 47 U.S.C. § 227 (a)(4).

15. None of the defendant's calls were for emergency purposes as contemplated by 47 U.S.C. § 227(b)(1)(A).

16. Defendants' calls violated 47 U.S.C. § 227(b)(1)(A)(iii) which prohibits calling cell phones (whether the phone call is from a live or recorded message).

17. Defendants' calls violated 47 U.S.C. § 227(b)(1)(B) which prohibits calling a land line or cell phones with a recorded message unless the company calling has a business relationship with the recipient.

18. At no point did the Plaintiff provide Defendants with his cellular telephone number

3

ending in "4156". Accordingly, Defendants did not have prior expressed written consent to call Plaintiff and make these telephone solicitations, as contemplated by 47 U.S.C. § 227(a)(4).

19. Each of the Defendants' and/or their agents calls violated the 47 C.F.R. § 64.1200(b), 47 C.F.R. § 64.1200(b)(1) by not stating the identity of the business at the beginning of the call and for not stating a telephone number of the business during the call.

20. Each of the Defendants' and/or their agents calls violated the 47 C.F.R. § 64.1200(c)(2) by calling Plaintiff's cell phone number which is listed in the National Do Not Call Registry.

## COUNT 1
## NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ, 47 C.F.R. § 64.1200

21. Plaintiff alleges and incorporates the information in paragraphs 1 through 20.

22. The foregoing acts and omissions of the Defendants and/or their agents constitute at least 64 separate violations of the TCPA, including but not limited to each one of the above-cited provisions of 47 U.S.C. § 227 et seq.; 47 U.S.C. § 227 (b)(1)(A)(iii); 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(b)(1); 47 C.F.R. § 64.1200(c)(2), and 16 C.F.R. 310.4(b)(iii)(A).

23. As a result of the Defendant's negligent violations of 47 U.S.C. § 227 et seq., pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to an award of $500 in statutory damages for each violation.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
## CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.,
## 47 C.F.R. § 64.1200

24. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each one of the cited provisions of 47 U.S.C. § 227 et seq.

26.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Plaintiff is entitled to an award of $1,500 in statutory damages, for each violation.

## THE STATUTE OF LIMITATIONS

The four-year rule is tolled or suspended for the time a debtor is in bankruptcy. Plaintiff's lawsuit is protected as his time to file was tolled from March 6, 2018, thru August 31, 2021.

## PRAYER AND RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff the following relief against Defendant:

1.  Statutory damages of $500 for each call-in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

2.  Treble damages of up to $1,500 for each call-in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

3.  Such other relief as the Court Deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Respectfully Submitted,

Emmitt Johnson
Pro Se
P.O. Box 221
Fresno, TX 77545
(281)536-4156
Email: ewjohn47@gmail.com